IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SUSANN BECKER,

        Plaintiff,

vs.

KRIS (KRISTEN) MICKEY,

        Defendant.

8:23CV482

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Counsel and Waiver of Fees, Filing No. 4; Motion to Amend and Add to Federal Complaint, Filing No. 5; and a motion captioned as a "Request for Transfer Admissions," Filing No. 6. This matter is also before the Court on the Court's own motion because Plaintiff failed to pay the initial filing and administrative fees.

**MOTION TO AMEND AND FILING FEES**

Plaintiff filed a Complaint, Filing No. 1, on October 30, 2023, and her Motion to Amend on November 11, 2023. The Motion to Amend adds new facts and allegations that all relate to her original Complaint. Because Plaintiff is proceeding pro se, the Court will grant the Motion to Amend and will liberally construe it as a supplemental pleading. *See* NECivR 15.1(b) ("In considering pro se litigants' amended pleadings, the court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading*.*"); *see also* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within . . . 21 days after serving it . . . .").

Although Plaintiff has filed a Complaint and supplemental facts, she failed to include the $405.00 filing and administrative fees. Plaintiff has the choice of either submitting the $405.00 filing and administrative fees to the Clerk's office or submitting a request to proceed in forma pauperis. Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

## MOTION FOR COUNSEL AND WAIVER OF FEES

Plaintiff's filing captioned a "Motion for Counsel and Waiver of Fees" is difficult to discern. The Court concludes that it is not a motion to proceed in forma pauperis (IFP). Under 42 U.S.C. § 1915, an indigent party may bring a lawsuit in federal court without paying the court's required costs and fees. An application to proceed IFP requires the party to submit an affidavit asserting the party's inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." § 1915(a)(1). The Court cannot identify any language that suggests Plaintiff wishes to proceed IFP, nor does Plaintiff submit an affidavit in support. Moreover, Plaintiff's other cases suggest she is aware of the IFP procedure. *See, e.g., Becker v. Schenider, et al.*, Case No. 8:23-cv-449.

Plaintiff also references 28 U.S.C. § 2412(d)(1)(A) and asserts that Defendants will have to pay if found liable for their acts against Plaintiff, an Indian. Plaintiff asserts that, as a Choctaw Cherokee Indian, she has the right to be appointed as an "assistant deputy commissioner" and need not pay filing fees. Plaintiff's request has no basis in law and is therefore denied.

Additionally, liberally construed, Plaintiff requests the appointment of counsel, specifically the appointment of the United States Attorney to represent her pursuant to 25

U.S.C. § 175 because she claims she is Choctaw Cherokee Indian. Filing No. 4. However, § 175 does not require the appointment of counsel any time a member of a federally recognized Indian tribe requests it in any civil suit. The statute provides: "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175. As several courts have recognized, § 175 "is not mandatory and . . . its purpose is no more than to ensure Native Americans adequate representation in suits to which they might be parties." Scott v. Hormel, 854 F. App'x 958, 960 (10th Cir. 2021) (quoting Navajo Nation v. San Juan Cnty., 929 F.3d 1270, 1278 (10th Cir. 2019) (internal alterations and quotation marks omitted)); see also Robinson v. New Jersey Mercer Cnty. Vicinage-Fam. Div., 514 F. App'x 146, 151 (3d Cir. 2013) ("the unanimous weight of authority suggests that the duty of representation contained [in § 175] is discretionary, not mandatory"); Siniscal v. United States, 208 F.2d 406, 410 (9th Cir. 1953) (same).

There is no constitutional or statutory right to appointed counsel in a civil case. Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, Chambers v. Pennycook, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." Recca v. Omaha Police Dep't, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)); Phillips v. Jasper

*Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Having carefully considered the record, the Court will not appoint counsel at this time.

### "REQUEST TO TRANSFER ADMISSIONS"

Plaintiff's Motion, captioned as a "Request to Transfer Admissions," is largely indiscernible. Plaintiff submitted the Motion in numerous pending cases before the Court, but fails to specify how it is relevant to the present case. Although the Motion asserts Plaintiff is entitled to "reinstatement," it does not identify the nature of the reinstatement or provide a legal basis for seeking relief. Even construed liberally, the Motion lacks a coherent statement of the relief sought and is therefore denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Counsel and Waiver of Fees, Filing No. 4, is denied.

2. Motion to Amend and Add to Federal Complaint, Filing No. 5, is granted.

3. Plaintiff's motion captioned as a "Request for Transfer Admissions," Filing No. 6, is denied.

4. Plaintiff is directed to submit the $405.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

5. The Clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

6. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **May 14, 2024**: Check for MIFP or payment.

Dated this 15th day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge